IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60355
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CLARENCE ATKINSON, also known as
Daniel Wallace

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:99-CR-143-ALL
--------------------
January 24, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Clarence Atkinson appeals his jury conviction for one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Atkinson appeals the denial by the district court of his motions to suppress the gun and a statement he made when he and a passenger were stopped at a roadblock manned by the Jackson Police Department ("JPD") and the Bureau of Alcohol, Tobacco and Firearms ("ATF").  He first argues that the roadblock was

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional because it was established in order to detect general criminal activity. While roadblock stops are seizures within the meaning of the Fourth Amendment, checkpoints which stop all oncoming vehicles with the purpose of checking for traffic violations are permissible. See Indianapolis v. Edmond, No. 99-1030, 2000 WL 1740936 at *5 (Nov. 28, 2000). Each officer involved in Atkinson's stop testified that the roadblock stopped all vehicles and was established in order to check for traffic violations. As Atkinson did not present any evidence to contradict the officers' testimony, the district court did not clearly err in finding that the roadblock was established for a permissible purpose. See United States v. Chavez-Villarreal, 3 F.3d 124, 126 (5th Cir. 1993).

Next, Atkinson argues that his detainment lasted beyond that which is allowed by Terry v. Ohio, 392 U.S. 1 (1968). He concedes that the stop was lawful under Terry when the gun, in plain view on the front seat of the vehicle, was noticed by an officer, the occupants and the gun were removed from the vehicle, and the firearm was unloaded by authorities. Atkinson challenges, however, his continued questioning by officers after he claims officer safety was no longer an issue.

To determine whether the "reasonable suspicion" standard articulated in Terry has been met, we must determine that (1) the officer's action was justified at its inception and (2) that it was reasonably related in scope to the circumstances which justified the interference in the first place. See Terry, 392 U.S. at 19. The first prong of the Terry standard is satisfied

in this case because, as outlined above, the checkpoint was constitutional.  The issue then becomes whether the stop exceeded the scope allowed under the second part of the Terry standard.

Atkinson, relying on our decision in United States v. Dortch, 199 F. 3d 193 (5th Cir. 1999), contends that, since it is not a crime to carry a gun in plain view in Mississippi, the police had no justification to further question either him or the passenger after the gun was removed and disarmed.  Dortch is distinguishable because there, we found that there was no reason to suspect that he was transporting drugs.  See 199 F.3d at 199. Here, with the gun in plain view, the officers sought to ascertain the owner of the gun.  During this questioning, Atkinson and the passenger gave conflicting responses regarding ownership of the firearm, thereby fueling officers' suspicions. See Dortch, 199 F.3d at 199.  Accordingly, Atkinson's argument is unpersuasive.

Atkinson also challenges the sufficiency of the evidence to support his conviction.  After reviewing the evidence for a manifest miscarriage of justice, we find that there was sufficient evidence to sustain Atkinson's conviction.  See United States v. Inocencio, 40 F.3d 716, 724 (5th Cir. 1995).  The conviction is AFFIRMED.